IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NAOMI LEATHERMAN, D/B/A )
NAOMI RICHES, )
    Plaintiff, )
)   Civil Action No. 12-1486
v. )   District Judge Nora Barry Fisher
)   Magistrate Judge Cynthia Reed Eddy
BARAK HUSSEIN OBAMA, )
*doing business as* )
PRESIDENT OF THE UNITED )
STATES, )
NATIONAL SECURITY AGENCY, )
QUEST DIGNOSTICS, LAB CORP., )
THE FREEMASONS, FBI, )
CIA, )
    Defendants. )

## MAGISTRATE JUDGE CYNTHIA REED EDDY
## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons set forth in the following Report, the Magistrate Judge recommends that Plaintiff Naomi Leatherman's Motion for Leave to Proceed In Forma Pauperis be granted and this case be dismissed pursuant to 28 U.S.C. § 1915(a) and (e), with prejudice because her Complaint/ motion for preliminary injunction or temporary restraining order is non-justiciable and fails to state a claim, and because amendment would be futile.

### II. REPORT

On October 15, 2012, Plaintiff filed a Motion for Leave to Proceed in forma pauperis, pursuant to 28 U.S.C. § 1915, with her Complaint entitled "Preliminary Injunction Temporary Restraining Order" attached. Plaintiff alleges that the President of the United States is "going out of his way to ensure that [she] does not receive medical care so that she will die," in conspiracy with the National Security Agency, the CIA's "Monarch Program which is a branch

1

off of Mk Ultra," the Freemasons, Quest Diagnostics, Lab Corp. and the FBI, not to mention the Mexican Government, an unnamed coconspirator. Plaintiff also attaches several medical scans, including a "scan of my skull . . . [in which] you can see devices that were implanted in my brain as a toddler." (ECF No. 1-1, at 2). Plaintiff asserts that unnamed psychologists and "Homegrown Terrorists" have threated her with being placed in a mental hospital, have ignored her kidney disease which causes severe hallucinations and other side effects that can easily be construed as psychosis," and has been "forced to take involuntary anti psychotic injections." *Id*.

Plaintiff Leatherman seeks the following relief: "Hemodialysis, and restraining orders against every and any Central Intelligence Agent, and or those involved in this Nationwide Medical Conspiracy Against me. Plaintiff seeks $5,000,000,000.00 billion in damages and the entire states of Pennsylavania [sic] & Colorado." *Id*.

**Preservice Screening Standards**

The Court is statutorily required to review the complaint of a plaintiff proceeding in forma pauperis prior to service of process. 28 U.S.C. §§ 1915(e), 1915A(a). The screening procedures established by section 1915(e) apply to complaints filed by prisoners as well as to non-prisoner in forma pauperis cases. See Newsome v. EEOC, 301 F.3d 227, 3231-33 (5th Cir. 2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002) (affirming dismissal of in forma pauperis non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)).[1]

---

[1] Although the Third Circuit has not ruled on the issue in a precedential opinion, several district courts in the Third Circuit have considered the question of whether this revised in forma pauperis statute applies only to prisoners and have concluded that it does not. Harrison v. Shapiro, No, 97-2133, 1997 WL 197950, at * 1 (E.D.Pa. 1997) (Van Artsdalen, J.); Jones v. North Atlantic Treaty Organization, No. 98-1185, 1998 WL 136511, at *1 n. 1 (E.D.Pa. 1998) (Padova, J.); McAllen v. Attic Away From Home, No. 00-941, 2000 WL 1752618, at *2 n. 7 (D.Del. 2000) (Sleet, J.) Each of these courts has found the mention

2

When reviewing in forma pauperis applications, the Court must make two separate determinations. First, the Court must determine whether the plaintiff is eligible for pauper status pursuant to 28 U.S.C. § 1915(e)(2)(A). Based on the information provided in the Plaintiff's in forma pauperis affidavit, the Court concludes she has insufficient funds to pay the requisite filing fee, and recommends that the District Court grant Plaintiff's request to proceed in forma pauperis.

Second, pursuant to 28 U.S.C. § 1915(e)(2)(B), and § 1915A(a), the Court must "screen" the complaint to determine whether it is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant immune from such relief. If "at any time," the court determines that the action meets any of those criteria, the court "shall dismiss the case . . . ." *Id*.

The United States Supreme Court has held that 28 U.S.C. § 1915(e)(2)(B)'s term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation," such that a claim is frivolous within the meaning of section 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989). Moreover, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, it is required to do so by the mandatory language of "the court shall dismiss" utilized by Section 1915(e). See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing section 1915(e)(2)(B) as "the PLRA provision mandating *sua sponte* dismissal of in forma pauperis actions that are frivolous or fail to state a claim."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

---

of the word "prisoner" to be a typographical error, and that the Congress meant the statute to read "person." I find this reasoning to be persuasive. See also, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C.Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F.Supp. 564, 568 (M.D.Pa. 1997).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A, a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Id., 490 U.S. at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). See also Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back); Denton v. Hernandez, 504 U.S. 25 (1992) (where complaint alleges facts that are "clearly baseless," "fanciful" or "delusional," it may be dismissed as frivolous); Pavalone v. Bush, 2012 WL 1569614, *1 (M.D.Pa. 2012) ("Within the Third Circuit, courts have found that allegations which are considered fanciful, fantastic, and delusional are to be dismissed as frivolous.") (numerous citations omitted); Frazier v. Southwoods State Prison, 2006 WL 1044451, at *2 (D.N.J. 2006) ("In accordance with the Supreme Court's guidance articulated in Neitzke and Denton, courts across the nation dismissed claims based on sets of facts that were qualified as 'fanciful, fantastic and delusional.'") (numerous citations omitted).

However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). If the pro se plaintiff can cure the factual allegations in order to state a claim, the Court should give him or her an opportunity to do so. However, if amendment cannot cure the deficiencies, the Court may dismiss without leave to amend, id., and even dismiss with prejudice. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

**Rule 12(b)(6) Standards**

The legal standard for dismissing a complaint for failure to state a claim pursuant to §1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed.R.Civ.P. 12(b)(6) standard to dismissal for failure to state a claim under section 1915(e)(2)(B)). Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. The Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6) in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562 (2007). The Twombly Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Id. at 555 (internal citations omitted). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557. See also Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b) (6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Twombly, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that a well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). The

assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id., 556 U.S. 662, 129 S.Ct. at 1949. As Iqbal explained, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . .," and as the Court held in Twombly, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." Id., at 555.

When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief." Id. at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed.R.Civ.P. 8(a)(2)). A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1949 (quoting Twombley, 550 U.S. at 570.) This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Fowler, 578 F.3d at 211 (quoting Iqbal, 129 S.Ct. at 1949).

Plaintiff is required to make a "showing," rather than a blanket assertion, of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." Id. (citing Twombly, 550 U.S. 556 n. 3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. at 234.

Even post-Twombley, however, because Plaintiff proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007) (citations omitted). Thus, the Court must liberally construe a pro se litigant's pleadings and "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d. Cir. 1999)). "'Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.'" Higgins, 293 F.3d at 688 (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

### III. CONCLUSION

Viewed in light of the foregoing, it is obvious that Plaintiff's complaint is delusional, fantastic and fails to state a claim. Moreover, in asking for five billion dollars and the states of Pennsylvania and Colorado as relief, it is apparent that her claims are not justiciable. See, e.g.

7

Donn v. A.W. Chesterton Co., Inc., 842 F.Supp.2d 803, 816-17 (E.D.Pa. 2012), and cases cited therein. Accordingly, this Court recommends that the motion for leave to proceed in forma pauperis be granted, and that the case be dismissed with prejudice.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, Objections to this Report and Recommendation are due by November 9, 2012. Failure to timely file Objections will constitute waiver of any appellate rights. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

    Respectfully submitted,

    /s/ CYNTHIA REED EDDY
    Cynthia Reed Eddy
    United States Magistrate Judge

Dated: October 22, 2012

cc:

Naomi Leatherman
1306 Ashbridge Road
West Chester, PA 19380